UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CHRISTOPHER ELIJAH JOHNSON,

                Plaintiff,

v.                                         **MEMORANDUM OPINION
AND ORDER**

WESTCHESTER MEDICAL CENTER, et al.,      18-CV-06849 (PMH)

                Defendants.
----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

Plaintiff Christopher Elijah Johnson ("Plaintiff"), currently incarcerated at Upstate Correctional Facility and proceeding *pro se* and *in forma pauperis*, commenced this action on July 30, 2018 with the filing of a Complaint. (Doc. 1). On December 4, 2018, Plaintiff filed an Amended Complaint pressing claims under 42 U.S.C. § 1983 against Westchester Medical Center ("WMC"), Frank Weber ("Weber") and John Full ("Full" and collectively "Defendants") for violations of Plaintiff's Eighth and Fourteenth Amendment rights related to a dental procedure at WMC performed on June 8, 2018. (Doc. 11, "Am. Compl."). Plaintiff also asserts state law tort claims. (*Id.*).

By motion dated April 20, 2020, Defendants moved for summary judgment under Federal Rule of Civil Procedure 56. (Doc. 37; Doc. 41, "Defs. Br."). Plaintiff filed an Affirmation in Opposition to Defendants' Motion on October 8, 2020 (Doc. 56, "Pl. Aff."), and the motion was fully submitted with the filing of Defendants' reply brief on October 12, 2020 (Doc. 59).

For the reasons set forth below, Defendants' motion is GRANTED.

**BACKGROUND**

The facts, as recited below, are taken from Plaintiff's Amended Complaint, Defendants' Local Civil Rule 56.1 Statement (Doc. 39, "56.1 Stmt."),[1] and the admissible evidence submitted by the parties.

On June 8, 2018, Plaintiff had a dental procedure at WMC to remove ten teeth that were decayed and non-restorable. (Am. Compl. at 4; 56.1 Stmt. ¶ 4). Full, who is the Chief Resident at WMC Oral and Maxillofacial Surgery Service (Doc. 38, "Bave Decl." Ex. 4, "Full Aff." ¶ 2), performed the procedure under the supervision of Weber (56.1 Stmt. ¶ 4), who is an attending Oral Maxillofacial Surgeon at WMC (Bave Decl. Ex. 5, "Weber Aff." ¶ 2). The procedure was performed while Plaintiff was under IV sedation. (Am. Compl. at 4; 56.1 Stmt. ¶ 5). Plaintiff alleges that he woke up mid-procedure and experienced severe pain. (Am. Compl. at 4). Defendants maintain that Plaintiff was pain-free throughout the one-hour procedure. (56.1 Stmt. ¶ 5 (citing Doc. 38, "Bave Decl." Ex. 3, "Medical Records")). The Medical Records indicate that Plaintiff's procedure lasted from 9:45 a.m. until 10:15 a.m., and Plaintiff's sedation levels were

---

[1] Plaintiff did not submit a Rule 56.1 statement. While "*pro se* litigants are [] not excused from meeting the requirements of Local Rule 56.1 . . . where a *pro se* plaintiff fails to submit a proper Rule 56.1 statement in opposition to a summary judgment motion, the Court retains some discretion to consider the substance of the plaintiff's arguments, where actually supported by evidentiary submissions." *Wali v. One Source Co.*, 678 F. Supp. 2d 170, 178 (S.D.N.Y. 2009); *see also Gadson v. Goord*, No. 96-CV-7544, 2000 WL 328879, at *3 (S.D.N.Y. Mar. 28, 2000) ("Plaintiff did not submit a Statement Pursuant to Civil Rule 56.1. Instead, he submitted 'Plaintiff's Opposition for Defendant's Memorandum of Law in Support of Motion for Summary Judgment,' stating his disagreement with the defendant's version of the facts. In light of plaintiff's *pro se* status, the Court will accept this memorandum in lieu of a Rule 56.1 Statement."). The Court considers Plaintiff's Affirmation in Opposition to Defendants' motion and his disagreement with statements in Defendants' Rule 56.1 Statement to the extent that the disagreement is supported by evidence in the record. The Court is mindful that bald and conclusory statements contained in Plaintiff's Affirmation do not constitute opposition to Defendants' Rule 56.1 Statement. *See Woods v. Acampora*, No. 08-CV-4854, 2009 WL 1835881, at *3 (S.D.N.Y. June 24, 2009) ("[A] *pro se* party's 'bald assertion' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." (quoting *Odom v. Keane*, 1997 WL 576088, at *3 (S.D.N.Y. Sept. 17, 1997))).

monitored from 9:45 a.m. until 10:45 a.m. (Medical Records at 6).[2] The Medical Records include Plaintiff's RASS level,[3] which indicate Plaintiff's level of sedation from 9:45 a.m. until 10:45 a.m. in five or fifteen minute increments. (*Id.*). The RASS levels demonstrate that from 9:55 a.m. until 10:10 a.m., Plaintiff's sedation level was four (deep sedation) and from 10:10 a.m. until 10:30 a.m., Plaintiff's sedation level was three (moderate sedation). (*Id.*). The contemporaneous medical records do not indicate that Plaintiff woke up in the middle of his procedure. (Weber Aff. ¶ 6). The Medical Records also reflect Plaintiff's pain level throughout the course of the procedure. Plaintiff's pain level at the beginning of the procedure was noted as 5/10, and was thereafter, from 9:50 a.m. until 10:45 a.m., noted at 0/10. (Medical Records at 6; Full Aff. ¶ 6). The Medical Records contain no indication that Plaintiff experienced severe pain during the procedure.

While Plaintiff claims that after the procedure, "Full never wrote a prescription [for] medication for pain or antibiotics to prevent infection" (Am. Compl. at 4), the Medical Records indicate that Plaintiff could be prescribed pain medication as needed. (56.1 Stmt. ¶ 8 (citing Medical Records at 5 (Full's notes indicating that he "[r]ecommended OTC meds for pain"))).

Plaintiff alleges also that on June 13, 2018 he filed a grievance related to the dental procedure while he was incarcerated at Sing Sing Correctional Facility ("Sing Sing"), but that he never received a response. (Am. Compl. at 4). Plaintiff states that he notified Captain Carrington ("Carrington") about his grievance on July 20, 2018 and that the delay in Carrington responding

---

[2] The Medical Records include a compilation of different documents related to Plaintiff's dental extraction procedure and do not include consistent page numbering. Thus, the Court cites to the pagination generated by ECF when citing to the Medical Records.

[3] RASS, which measures a patient's "sedation level," stands for Richmond Agitation Sedation Scale, and the scale ranges from zero to five. (Medical Records at 6). According to the Medical Records: "0 = alert; 1 = drowsy; 2 = Light sedation briefly awakens with eye contact to voice; 3 = mod sedation: movement or eye opening to voice; 4 = Deep sedation: no response to voice, movement or eye opening to physical stimulation; 5 = Unarousable: No response to voice or physical stimulation." (*Id.*).

to his grievance denied him his due process rights. (*Id*. at 4-5). Plaintiff attaches to the Amended Complaint various documents that apparently demonstrate Plaintiff's grievance filing history. (*Id*. at 7-10).

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if it 'might affect the outcome of the suit under the governing law,' and is genuinely in dispute 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Liverpool v. Davis*, 442 F. Supp. 3d 714, 722 (S.D.N.Y. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "'Factual disputes that are irrelevant or unnecessary' are not material and thus cannot preclude summary judgment." *Sood v. Rampersaud*, No. 12-CV-5486, 2013 WL 1681261, at *1 (S.D.N.Y. Apr. 17, 2013) (quoting *Anderson*, 477 U.S. at 248). The court's duty, when determining whether summary judgment is appropriate, is "not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Id*. (quoting *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 60 (2d Cir. 2010)). Indeed, the court's function is not to determine the truth or weigh the evidence. The task is material issue spotting, not material issue determining. Therefore, "where there is an absence of sufficient proof as to one essential element of a claim, any factual disputes with respect to other elements of the claim are immaterial." *Bellotto v. Cty. of Orange*, 248 F. App'x 232, 234 (2d Cir. 2007) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 281 (2d Cir. 2006)).

"It is the movant's burden to show that no genuine factual dispute exists." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citing *Adickes v. S.H. Kress*

*& Co.*, 398 U.S. 144, 157 (1970)). The Court must "resolve all ambiguities and draw all reasonable inferences in the non-movant's favor." *Id*. (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003)). Once the movant has met its burden, the non-movant "must come forward with specific facts showing that there is a genuine issue for trial." *Liverpool*, 442 F. Supp. 3d at 722 (quoting *Matsushita Elec. Indus. Co.* v. *Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). The non-movant cannot defeat a summary judgment motion by relying on "mere speculation or conjecture as to the true nature of the facts." *Id*. (quoting *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986)). However, if "there is any evidence from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper." *Sood*, 2013 WL 1681261, at *2 (citing *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004)).

Should there be no genuine issue of material fact, the movant must also establish its entitlement to judgment as a matter of law. *See Glover v. Austin*, 289 F. App'x 430, 431 (2d Cir. 2008) ("Summary judgment is appropriate if, but only if, there are no genuine issues of material fact supporting an essential element of the plaintiffs' claim for relief."); *Pimentel v. City of New York*, 74 F. App'x 146, 148 (2d Cir. 2003) (holding that because plaintiff "failed to raise an issue of material fact with respect to an essential element of her[] claim, the District Court properly granted summary judgment dismissing that claim"). Simply put, the movant must establish separately that the law favors the judgment sought.

## **ANALYSIS**

The Amended Complaint does not enumerate claims for relief. Given Plaintiff's *pro se* status, the Court interprets Plaintiff's allegations to raise the strongest claims they suggest. *See DiPetto v. U.S. Postal Serv.*, 383 F. App'x 102, 103 (2d Cir. 2010) ("[W]hile *pro se* complaints

must contain sufficient factual allegations to meet the plausibility standard, we should look for such allegations by reading *pro se* complaints with 'special solicitude' and interpreting them to raise the 'strongest [claims] that they suggest.'" (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006))). Accordingly, the Court interprets the Amended Complaint as raising, under 42 U.S.C. § 1983, an Eighth Amendment deliberate indifference claim and a Fourteenth Amendment due process claim as well as state law tort claims. The claims are analyzed *seriatim*.

I. <u>Eighth Amendment Claim</u>

Plaintiff alleges that Defendants violated his Eighth Amendment rights because they exhibited deliberate indifference to his serious medical needs and provided inadequate medical care related to the June 8, 2018 dental procedure. Based on the evidence in the record, the Court holds that no reasonable jury could find that Defendants violated Plaintiff's Eighth Amendment rights and accordingly grants Defendants' motion for summary judgment on the Eighth Amendment claims.

Because Plaintiff was a "convicted and sentenced prisoner" at the time of the events giving rise to this dispute (Am. Compl. at 2), Plaintiff's deliberate indifference claims are raised under the Cruel and Unusual Punishment Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). While the "Eighth Amendment imposes a duty upon prison officials to ensure that inmates receive adequate medical care . . . not every lapse in medical care is a constitutional wrong." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832, 834 (1994)). A plaintiff can prevail on a deliberate indifference to medical needs claim under the Eighth Amendment by satisfying a two-prong test.

The first prong is objective and requires that the alleged deprivation in medical care be "sufficiently serious." *Id*. (quoting *Farmer*, 511 U.S. at 834). A deprivation in medical care is sufficiently serious if (1) "the prisoner was actually deprived of adequate medical care" and (2) "the inadequacy in medical care is sufficiently serious." *Id*. at 279-80. The latter inquiry "contemplates a condition of urgency that may result in degeneration or extreme pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)

The second prong is subjective and requires that the plaintiff demonstrate that the defendant had a sufficiently culpable state of mind. *Id*. A defendant has a sufficiently culpable state of mind if he "knew of and disregarded the plaintiff's serious medical needs." *Id*. at 703 (citing *Farmer*, 511 U.S. at 837). A Plaintiff's mere disagreement with the medical treatment received does not rise to a constitutional violation and "negligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim." *Id*. (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). Rather, instances of medical malpractice only rise to the level of a constitutional wrong where the malpractice "involves culpable recklessness, *i.e.*, an act or a failure to act by the prison doctor that evinces a conscious disregard of a substantial risk of serious harm." *Id*. (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted)).

Here, construing the Amended Complaint with the required liberality, Plaintiff's allegations offered in support of his Eighth Amendment claim include that (1) he woke up in the middle of the dental procedure in pain (Am. Compl. at 4), (2) Full did not write a prescription for pain medication or antibiotics after the procedure (*id*.), (3) "the dentist left parts of [Plaintiff's] teeth in [his] gums" that did not come out for weeks (Pl. Aff. at 3), and (4) the procedure was not done well and resulted in prolonged bleeding (*id*.).

Assuming without holding that a jury could reasonably conclude that Plaintiff's medical condition was sufficiently serious, no reasonable jury could conclude that Defendants were deliberately indifferent or failed to provide adequate medical care. Thus, giving every benefit of the doubt to Plaintiff and resolving all ambiguities and drawing all reasonable inferences in Plaintiff's favor, there is no genuine dispute over material facts regarding the subjective prong of Plaintiff's Eighth Amendment claim. Simply stated, there is no evidence that Defendants were deliberately indifferent to Plaintiff's medical needs. Rather, the evidence presented to the Court establishes that Defendants' conduct during the dental procedure was wholly proper and is in direct contravention to Plaintiff's bald and conclusory allegations. For example, the Medical Records related to the June 8, 2018 dental procedure indicate that Plaintiff was under sedation for the duration of the procedure and did not wake up and experience severe pain as he alleges. (56.1 Stmt. ¶ 5; Full Aff. ¶ 8 ("The sedation record indicates he was not in pain for the duration of the procedure."); Weber Aff. ¶ 6 ("My review of the sedation record discloses that the patient, except when the sedation was initiated, was pain free during the procedure."); Medical records at 6). The record demonstrates also that the post-operative orders permitted Plaintiff to request over-the-counter medication as needed and that antibiotics were not prescribed because there was no sign of infection. (56.1 Stmt. ¶ 8; Full. Aff. ¶ 7; Weber Aff. ¶ 7; Medical Records at 5). Additionally, nothing in the record indicates that pieces of Plaintiff's removed teeth were left in his mouth. (Full Aff. ¶ 8; Weber Aff. ¶ 5). Finally, Weber stated that "[b]ased upon the record and [his] 43 years of experience as an [oral maxillofacial surgeon], the treatment plaintiff received at [Westchester Medical Center] by Dr. Full and [Weber] was well within the standard of care and constituted good and accepted practice." (Weber Aff. ¶ 9).

Plaintiff has produced no evidence that rebuts these facts. Plaintiff offers only his own unsupported, bald, and conclusory statements in support of his argument that Defendants acted with a sufficiently culpable state of mind. Plaintiff's statements, for example, that "[t]he treatment [Defendants] rendered to [him] was way below the standard of care," or that "[Full] kept pulling [his] teeth, knowing that I was awake and in anguish," or that "Full saw that [he] was awake and in distress" during the course of the procedure (*see* Pl. Aff. at 2-3) are not supported in any way by the evidence adduced during discovery and presented to the Court on the pending motion. Because "[r]eliance upon conclusory statements or mere allegations is not sufficient to defeat summary judgment," *Woods v. Ruffino*, 8 F. App'x 41, 42 (2d Cir. 2001) (citing *Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 532 (2d Cir. 1993)), the Eighth Amendment claim is dismissed.[4]

II. Fourteenth Amendment Claim

Plaintiff alleges that his Fourteenth Amendment due process rights were violated because, on June 13, 2018, he filed a grievance at Sing Sing related to the dental procedure, but never got a response. (Am. Compl. at 4-5). Plaintiff attached to his Complaint exhibits allegedly documenting his history of filing grievances. (*Id*. at 7-10).

The Court can quickly dispose of any due process claims related to Plaintiff's history of filing grievances at Sing Sing as Plaintiff does not assert claims against any Defendant involved in the grievance process at Sing Sing. "It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia,* the

---

[4] To the extent that Plaintiff intended to assert a *Monell* municipal liability claim against WMC, Plaintiff has not identified any policy, custom, or practice maintained by WMC sufficient to establish municipal liability. *See Harris v. Viau*, No. 17-CV-9746, 2019 WL 1331632, at *4 (S.D.N.Y. Mar. 25, 2019) ("Plaintiff's Amended Complaint fails to state a claim because he has not alleged any official policy or custom on the part of [Westchester County Health Care Corporation which owns and maintains WMC] that resulted in Plaintiff's inadequate medical treatment as required by *Monell v. Department of Social Services*, 436 U.S. 658 (1978)."). Accordingly, Plaintiff's *Monell* claim against WMC is dismissed.

defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). Here, Plaintiff names only WMC, Weber, and Full as Defendants and in no way alleges that any of these Defendants were personally involved in the grievance process at Sing Sing. The documents attached to the Complaint provide additional support for the finding that the named Defendants were not involved in the grievance process at Sing Sing. Accordingly, Plaintiff's Fourteenth Amendment claims are dismissed.

III. State Law Claims

Plaintiff also asserts state law tort claims for negligence and medical malpractice. "A federal district court may decline to exercise supplemental jurisdiction over pendent state law claims when it 'has dismissed all claims over which it has original jurisdiction.'" *Offor v. Mercy Med. Ctr.*, No. 17-CV-1872, 2018 WL 2947971, at *7 (S.D.N.Y. May 31, 2018) (quoting 28 U.S.C. § 1367(c)(3)). Having dismissed all of Plaintiff's claims over which the Court has original jurisdiction, the Court declines to exercise jurisdiction over Plaintiff's state law claims. *See, e.g., McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 n.6 (2d Cir. 2017) ("Of course, a district court may decline to exercise supplemental jurisdiction over state and local law claims if it has dismissed all claims over which it has original jurisdiction.").[5]

## CONCLUSION

Defendants' motion for summary judgment is GRANTED. The Clerk is directed to mail a copy of this Memorandum Opinion and Order to Plaintiff at the address provided on the docket, terminate the pending motions (Docs. 37, 45), and close this action.

---

[5] Because the Court declines to exercise jurisdiction over Plaintiff's state law claims, the Court need not and does not reach Defendants' arguments for why summary judgment on the state law claims is appropriate.

Dated: White Plains, NY
      March 16, 2021

**SO ORDERED.**

_____
Philip M. Halpern
United States District Judge